Daniel, J.
 

 The plaintiff sued Lawson Henry and JVTary Henry in an action of Trespass. Dellinger became bail for each. At the term at which judgment was obtained against both, the bail surrendered Mary Henry, and the same was entered of record. The plaintiff then did not move the court that she should be committed in execution. As she never had been in execution, at the instance of the plaintiff, he of course could not and did not discharge her from execution. The opinion of the Judge upon this point of the case, to wit, that the bail of Lawson Henry was not discharged, was correct.
 
 Secondly,
 
 on the trial of the issue made up on the plea
 
 “
 
 no
 
 ca. sa.
 
 against the principals,” the plaintiff-offered in evidence a
 
 ca. sa.
 
 against Lawson Henry alone. The defendant objected to the evidence, and contended that the
 
 ca. sa.
 
 was void, as it was not as broad as the judgment. The judge, however, was of opinion that the execution was not void, but irregular only; and that the bail on this
 
 sci.fa.
 
 had no right to take advantage of the irregularity, and that it was sufficient to support the plaintiff’s side of the issue. .We, after much reflection, are induced to think that the Judge erred in admitting this document as a sufficient
 
 ca. sa.
 
 A writ of
 
 ca. sa.
 
 against the principal must be sued out and returned
 
 non est inventus,
 
 before any proceedings can be had against the bail. 1 Barn. & Alder. 212. Petersdorf on Bail 335. Rev. St. c. 10, s. 3. In England, the practice is to direct the
 
 ca. sa.
 
 to the sheriff of the county, where the
 
 venue
 
 was laid; and the writ must lie, the four last days exclusively before the return, in the sheriff’s office. The sheriff’s return of
 
 non est inventus
 
 is a matter of course, with
 
 *478
 
 out making any attempt to arrest the principal; theca,
 
 sa.
 
 intended, merely as a notice to the bail of the plaintiff’s intention to proceed against them. 3 Burr. 1360. 1 Arch. pr 320. un(3er our statute, the
 
 ca. sa.
 
 is required as well for the benefit of the bail as of the plaintiff, and the
 
 ca. sa.
 
 ought to be issued to the county where it maybe executed by the actual arrest
 
 of
 
 the defendant, if that can be done. The execution, required by our act, was intended to be an effectual one.
 
 Findley
 
 v. Smith, 3 Dev. Rep. 247. It is true that the bail cannot take advantage of any irregularity in the
 
 ca.
 
 sa.; as if it be irregular in its
 
 teste
 
 or return, or if it be sued alter a year and a day from the signing of the judgment. 2 Ld. Ray. 1096. 2 Burr. 1187. 1 Arch. Pr. 320. But if the writ is void, he may shew it. In 1st Arch. Pr. K. B. 283, it is said that care must be taken that the writ of execution strictly pursue the judgment, and be warranted by it; otherwise it is
 
 void.
 
 Thus upon a judgment against two (as in this case) you cannot sue out a separate
 
 capias
 
 against one. Rol. Abr. 888. 6 Term R. 523 — Nor a
 
 capias
 
 against one and an
 
 elegit
 
 against another. Cro. Eliz. 573-4-5. Co. 26-7. 2Bac. Abr. (Execution) G. 2 Hob. 2-59. Cro. Car. 75. If, as we have seen, the
 
 capias
 
 is here intended for the benefit of the
 
 bail,
 
 as well as the plaintiff, a writ of that kind against one only of two defendants might deprive the bait of important benefits; for if the
 
 capias
 
 had issued against both, strictly in pursuance of the judgment the other defendant might have been forced to discharge the judgment, and then the bail would have been relieved. We are of the opinion that the
 
 capias
 
 against Lawson Henry upon a joint judgment, obtained in an action
 
 of
 
 trespass against Mary Henry and Lawson Henry, is void, as to the bail. There must be a new trial.
 

 Per Curiam, New trial awarded.